IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES B. ABSTON, JR., etc., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 06-0378-WS-C |
| | ) |
| SOUTHEASTERN EQUIPMENT COMPANY, et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

This matter is before the Court on the defendants' motion to transfer this action to the United States District Court for the Northern District of Georgia, Gainesville Division. (Doc. 20). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 25, 27), and the motion is ripe for resolution. After carefully considering the foregoing materials, the Court concludes that the motion to transfer is due to be denied.

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). It appears clear that subject matter jurisdiction, personal jurisdiction and venue all are proper in the Northern District of Georgia, which is therefore a district in which this action "might have been brought." *See, e.g., Ellis v. Great Southwestern Corp.*, 646 F.2d 1099, 1104 n.5, 1107 (5th Cir. 1981).

"[I]n the usual motion for transfer under section 1404(a), the burden is on the movant to establish that the suggested forum is more convenient." *In re: Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). The defendants begin this exercise with a handicap, because "[t]he federal courts traditionally have accorded a plaintiff's choice of forum considerable deference," *id.*, so that the defendants must show that the plaintiff's choice is "'clearly outweighed by other considerations.'" *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996)(quoting *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. 1981)).

"Section 1404(a) factors include (1) the convenience of the witnesses; (2) the location of

relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). The parties invoke most of these factors, which the Court considers below.

The defendants focus on the convenience of the witnesses, which they identify as the "most important factor." (Doc. 27 at 5). They note that eight of the witnesses listed in their initial disclosures live in Georgia, 300 miles or more closer to Gainesville than to Mobile. (*Id.*). True enough, but five of the eight are employees of defendant Southeastern Equipment Company, (*id.*, Exhibit 3), who are presumably willing to travel (probably together) to Mobile if necessary to testify at trial and as to whom the unavailability of compulsory process is immaterial. A sixth witness is defendant Don Fowler, whose convenience will be assessed along with that of other parties. Thus, the defendants can muster only two non-party, non-employee witnesses as to whom Gainesville is appreciably more convenient than Mobile. Even as to them, the defendant does not assert that compulsory process will be required to obtain their testimony.[1] The defendants' argument is further weakened by their concession that the persons listed in their initial disclosures are merely "potential" witnesses, (*id.* at 5), leaving the Court to speculate as to which of them truly is likely to testify. *See Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 511 (1947) ("The learned and experienced trial judge was not unaware that litigants generally manage to try their cases with fewer witnesses than they predict in such motions as this.").

The defendants next attempt to demonstrate that Gainesville is a more convenient forum for the plaintiff's witnesses. (Doc. 27 at 4-5). There is a significant degree of double-counting here, since most of the plaintiff's witnesses have already been considered as defense witnesses. In fact, the plaintiff has identified only two additional witnesses, one of whom lives 73 miles

---

[1]Most of the defendants' remaining witnesses hail from such distant locations as Colorado, Kansas and Michigan, and the defendants wisely do not suggest that it would be more convenient for these witnesses to travel to Gainesville than to Mobile. For their two Alabama witnesses, Gainesville is a meaningless 67-73 miles closer than Mobile. (Doc. 27 at 4-5).

closer to Gainesville than Mobile and one of whom lives 171 miles closer.

In sum, the defendants have shown that Gainesville would be a more convenient forum for several of their employees, perhaps two of their other potential witnesses, and one of the plaintiff's. This is not a negligible showing, but it is not enough on its own to "clearly outweigh" the deference due the plaintiff's choice of an Alabama forum. The Court thus considers whether the defendants' other arguments are sufficient to make up the difference.

As noted, the defendants argue that it would be more convenient for defendant Fowler to litigate this case in Gainesville, but by the same token it would be more convenient for the plaintiff (a resident of Gilbertown, some 370 miles from Gainesville) to litigate in this Court. *See Robinson v. Giarmarco & Bill*, 74 F.3d at 260 (if transfer would simply shift the inconvenience from one party to the other, a case for transfer has not been made).

The defendants next argue that "all of the events giving rise to Plaintiff's claims occurred either in" Buford, Georgia (15 or 20 miles from Gainesville) or in Opelika, Alabama (about 160 miles from Gainesville). (Doc. 27 at 5). The defendants identify these events as: (1) negotiating the terms of the equipment leases; (2) making (mis)representations concerning the subject equipment; (3) executing the leases; (4) configuring the equipment to the plaintiff's specifications; (5) delivering the equipment to the plaintiff (in Opelika); (6) servicing the equipment (in Opelika); and (7) returning the equipment to the defendants. (*Id*. at 5-6).

Because Opelika is not meaningfully more distant from Mobile than from Gainesville, the activity that occurred there is no more significant than the location of witnesses there. With respect to the Georgia conduct, there appears again to be some degree of double-counting. The negotiation and execution of the leases is relevant only to the extent that representations and/or warranties were made as alleged in the complaint. Thus, the first three items collapse into one. The plaintiff's return of the equipment to Georgia is of uncertain relevance, since all of his causes of action had fully accrued before that action was taken.

This leaves the defendants to seize on the lease negotiations and the configuring of the equipment, which occurred in Georgia. Ignored by the defendants are the plaintiff's use of the equipment, its failure to perform as expected, and his complaints concerning the same, all of which occurred in Alabama. Because the latter are "operative facts" just as fully as the former, the "locus" of the operative facts is no more in Georgia than in Alabama.

The defendants also note that the equipment is now in Georgia and that they maintain documents there. (Doc. 20 at 5). The location of the equipment could be significant "if [a] view would be appropriate to the action," *Gulf Oil Corp. v. Gilbert*, 330 U.S. at 508, but the defendants do not suggest any such need. Even assuming the defendants' documents are voluminous (which they do not allege), "[e]asy air transportation, the rapid transmission of documents, and the abundance of law firms with nationwide practices, make it easy these days for cases to be litigated with little extra burden in any of the major metropolitan areas." *Board of Trustees v. Elite Erectors, Inc.*, 212 F.3d 1031, 1037 (7th Cir. 2000); *see also Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992) (the defendant failed to show that its documents "could not be sifted through (at his Florida offices) and the probative ones shipped at relatively minor cost to Oklahoma for trial").

Finally, the defendants argue that Georgia law will control 60% (15 of 25) of the plaintiff's causes of action. (Doc. 27 at 3). Because this argument was first raised in a reply brief, it comes too late to be considered. *E.g., Mariano v. Potter*, 2006 WL 907772 at *3 & n.6 (S.D. Ala. 2006). At any rate, and assuming for argument that Georgia law truly does govern the plaintiff's fraud claims as the defendants insist,[2] their own authority weighs this factor in favor of transfer only when the transferor court would have to "untangle problems" concerning the transferee jurisdiction's law, (Doc. 27 at 2-3), and the defendants have not pointed to any thorny issues of Georgia law that this Court will have to resolve. Moreover, given that 40% of the plaintiff's causes of action are governed by Alabama law, transfer would only shift the problem to the Georgia court, with no meaningful gain to the interests of justice.

The plaintiff asserts that he has "limited financial resources" and that it would work a hardship on him to litigate in Georgia. (Doc. 25 at 2). Absent challenge by the defendants, the Court accepts this representation, which weighs further against transfer.

---

[2]Under Alabama conflicts law, the substantive law of the place where the injury occurred governs the resolution of tort claims. *E.g., Fitts v. Minnesota Mining & Manufacturing Co.*, 581 So. 2d 819, 820 (Ala. 1991). The Court does not follow the defendants' ipse dixit that, even though the plaintiff accepted delivery of the equipment in Alabama and used it there, his injury from any fraudulent misrepresentations concerning the equipment occurred in Georgia because the negotiations occurred there. (Doc. 27 at 2).

In summary, most of the defendants' arguments are factually unsupported, legally insignificant, or point inconclusively both ways. While their employee-witnesses and a few others (if in fact called) would find it more convenient to testify in Georgia than in Alabama, that modest inconvenience cannot "clearly outweigh" the plaintiff's choice of forum, especially when litigation in Georgia would pose a financial burden on the plaintiff and the defendants have the better wherewithal to litigate in an inconvenient forum.

For the reasons set forth above, the defendants' motion to transfer is **denied**.

DONE and ORDERED this 25th day of September, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE